Jesse Root, jun. *against* Thomas Bull, Ezekiel Williams, jun. Spencer Whiting and John Russ.

MOTION for a new trial.

This was an action of *assumpsit*, stating that the defendants, in *July*, 1805, received of the treasurer of the state of *Connecticut*, 10,000 dollars, to and for the use of the several proprietors of the *Connecticut* title to the tract of land called the *Connecticut Gore*, to be distributed among the proprietors according to the several proportions by them respectively owned; which money was paid to the defendants, in pursuance of a resolve of the general assembly, granting 40,000 dollars to the proprietors of the *Gore*, for relinquishing to the state, their right and title, and all claim relating to the *Gore;* and that the plaintiff was the owner of six shares or four hundredth parts, and entitled to the trust and benefit of six shares, and held certificates duly executed, signed by the trustees of the *Gore*, and dated 4th of *December*, 1796.

That the defendants gave notice in a public paper, that upon the proprietors' delivering up their certificates to the defendants, they would pay to the respective proprietors, their proportions of 10,000 dollars: and that the plaintiff tendered to the defendants his certificates; and the defendants became liable to pay.

*Non assumpsit* was pleaded; and the plaintiff read in evidence his certificates, each, signed, and sealed, by *Jeremiah Halsey, Jacob Ogden, Hezekiah Bissell*, and *Thomas Bull*, trustees of the *Gore Company*, declaring, that *Jesse Root*, jun. was entitled to the trust and benefit of one four hundredth part of the *Connecticut Gore* of land so called, [describing it] as held by the trustees in

*In an action of assumpsit by A claiming to be a proprietor of Gore scrip, against A. B. C. and D. who had received money for the use of the proprietors, the defendants cannot give in evidence a receipt signed by the plaintiff and another for such scrip to account with the company, to prove that the plaintiff is not a proprietor.*

June, 1808.

ROOT
v.
BULL.

a deed of trust, dated the 8th of *April*, 1796; and that the plaintiff and his assigns were to hold the same according to the tenor, and upon the conditions in the deed of trust, and two several sets of articles of agreement, for conducting the management and improvement of the land, one dated the 17th *September*, 1795, the other the 8th *April*, 1796, and subscribed by the persons composing the company.

The defendants then stated, as their grounds of defence, that the certificates claimed by the plaintiff were, and ever had been, the property of the *Gore Company*, and that *Jacob Ogden*, one of the directors, and a trustee of the company, about the 1st of *December*, 1796, put said certificates into the hands of the plaintiff, (without the name of the plaintiff having been inserted as grantee, but a blank left to insert the name of the grantee) as a broker to sell, for the use and benefit of the company, and to account with the company; and that afterwards, before the 8th of *April*, 1797, the plaintiff entered into a copartnership with *Samuel Ledlie*, in the business of brokers, under the name of *Root* and *Ledlie;* and on the 8th of *April*, 1797, it was agreed by *Root* and *Ledlie*, and *Ogden*, as a director of the *Gore Company*, that *Root* and *Ledlie*, as partners and brokers, should hold the certificates as trustees for the company, and as brokers sell them upon commissions, and account with the company. To prove which, they offered in evidence a receipt, signed *Root* and *Ledlie*, dated 8th of *April*, 1797, of the following tenor: " Received of *Jacob Ogden*, trustee of the *Connecticut Gore Company*, six scrip in the *Gore*, No. 269, 270, 271, 272, 273, 274." [the numbers described in the declaration] " to sell for said company on commissions, at the order and direction of said *Ogden*, and account for the same on demand, to said company." The plaintiff objected to this receipt being read in evidence; and the court ruled, that it

should not be read in evidence. And the defendants were thus compelled to suffer a verdict against them; and moved for a new trial; the consideration of which motion was reserved for the opinion of the nine judges.

*Goodrich,* in support of the motion.

The defendants are sued as having received the money of the proprietors of the *Gore Company,* of which the plaintiff claims to be one. The money is held by the defendants for the use of the proprietors. If the plaintiff is not one, it is the duty of the defendants not to pay to him, but hold the money for those who are proprietors; and payment by them to the plaintiff, would not discharge the defendants. The question then arises, is the plaintiff a proprietor? The certificates produced were certainly *prima facie* evidence that he was. The receipt offered in evidence, would have shown conclusively, that he was not; but that he held these scrip in trust for the company, whose agent the defendants are. Why then should not this fact be proved? A memorandum in writing, signed by the party, is offered in evidence. And surely, the nature of the plaintiff's rights may be explained by written evidence under his own hand.

If *A.* gives to *B.* a broker, his note to sell in market, and *B.* gives a receipt declaring the use for which he holds it; and instead of selling the note, *B.* brings a suit upon it against *A.;* may not *A.* give the receipt in evidence to show the nature of the transaction! And in this state, it can make no difference that this is a deed; as the condition of a deed, though on a separate paper, may control the deed as between the parties, so may any writing explaining it. The defendants offer to show, that so far from having the rights of a proprietor, the

plaintiff was only the agent of the proprietors, for a certain purpose; not having performed the duty he undertook, can he now avail himself of the benefit arising from his own neglect? This must be the result, unless the evidence is admitted. And the plaintiff, in an action founded on the purest principles of equity, is to *recover* money, which, by written evidence, it appears he has no right *to retain*.

It can make no difference, that this receipt was signed with the name of *Ledlie* as well as *Root*. It is no less the act of *Root*. Nor can it make any difference, that it was given at a time subsequent to the deed, as it is between the same parties, and relative to the same subject.

*Edwards*, contra.

The plaintiff shows by the certificates, that he has the rights of a proprietor; at least, he shows that he has the evidence of those rights which the defendants required in their advertisement. To oppose this, the defendants offer to prove, that the plaintiff with *Ledlie*, received these scrip not as his own, but to sell. To this the plaintiff objects, that he having produced the usual evidence of title, the evidence which the defendants required, it cannot in this way be resisted. If it could, these defendants could not make the objection. They have no claim by this receipt. The receipt is given to *Jacob Ogden*, to account with the *Gore Company*. The defendants have not shown, that they have the rights of the company, or have any authority to claim in their behalf. They, as individuals, have received money from the state, to pay over; and if the *Gore Company* have claims upon *Jesse Root*, or upon *Root* and *Ledlie*, they only are competent to assert them; and not the defendants. But what is this receipt? The plaintiff, on the

4th of *December*, 1796, is possessed of these scrip; and in *April*, 1797, the *Gore Company* take a receipt from *Root* and *Ledlie*, that they will sell these scrip, and account with the company. In this action, is *Jesse Root* bound to settle the accounts of *Root* and *Ledlie*, and the *Gore Company?* *Root* and *Ledlie* may have sold these scrip to the plaintiff, and may have accounted with the company. But *Jesse Root* could not expect to settle that account in this suit. *Root* and *Ledlie* being parties to that receipt, the claims of *Jesse Root* are not to be affected by it. The evidence, therefore, was properly rejected.

BY THE COURT.

A new trial is not to be granted.